UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

Justo Reyes

          Debtor.

**NOTICE OF MOTION FOR TERMINATION OF AUTOMATIC STAY**

Case No.: 16-22556-rdd
(Chapter 13)

Assigned to:
Hon. Robert D. Drain
Bankruptcy Judge

    Please take notice that Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2007-AHL1, Asset-Backed Pass-Through Certificates Series 2007-AHL1, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on March 13, 2019 at 10:00 a.m. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, 300 Quarropas Street, Room 118, White Plains, NY 10601 for an Order pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C §1322(b)(5) terminating the automatic stay as to movant's interest in real property commonly known as 90 Lakeview Avenue, Hartsdale, NY 10530 and for such other relief as the Court may deem proper.

DATED:    December 7, 2018
                Williamsville, New York

Yours,

By: _____
Courtney R. Williams, Esq.
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Wells Fargo Bank, N.A. as servicing agent for
U.S. Bank National Association, as Trustee for
Citigroup Mortgage Loan Trust, Inc. 2007-
AHL1, Asset-Backed Pass-Through Certificates
Series 2007-AHL1
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700

TO:

| | |
|---|---|
| Justo Reyes<br>90 Lakeview Ave<br>Hartsdale, NY 10530 | Debtor |
| Linda M. Tirelli, Esq.<br>Tirelli & Wallshein<br>Westchester Financial Center<br>50 Main Street<br>Suite 405<br>White Plains, NY 10606 | Attorney for Debtor |
| Krista M. Preuss, Esq.<br>399 Knollwood Road<br>Suite 102<br>White Plains, NY 10603 | Chapter 13 Trustee |
| United States Trustee<br>Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014 | U.S. Trustee |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re:

Justo Reyes
        Debtor.

**AFFIRMATION**

Case No.: 16-22556-rdd
(Chapter 13)

Assigned to:
Hon Robert D. Drain
Bankruptcy Judge

---

I, Courtney R. Williams, Esq., am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Southern District of New York and hereby state as follows:

1.    I submit the within Affirmation under penalty of perjury in support of the motion of Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2007-AHL1, Asset-Backed Pass-Through Certificates Series 2007-AHL1 ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 90 Lakeview Avenue, Hartsdale, NY 10530.

2.    Secured Creditor is the holder of a note executed by Justo Reyes on or about the 21st day of September, 2006 in the principal amount of $568,000.00 and interest (the "Note"), secured by a mortgage bearing even date therewith, which is recorded in the Office of the Westchester County Clerk on the 23rd day of October, 2006 in Control Number 462780159 (the "Mortgage") covering the premises commonly known as 90 Lakeview Avenue, Hartsdale, NY 10530 (the "Mortgaged Premises"). A copy of the Note, Mortgage, and Assignments is annexed hereto as **Exhibit 'A'**.

3.    On the 21st day of April, 2016 Debtor Justo Reyes filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

4.   The Note and Mortgage provide that the Debtor will be in default if he does not make full monthly payments on each due date. As of November 29, 2018, the Debtor is due for 7 payments in the amount of $4,932.75 each for the months of May 1, 2016 to November 1, 2016, 7 payments in the amount of $4,878.21 each for the months of December 1, 2016 to June 1, 2017, 12 payments in the amount of $4,860.91 each for the months of July 1, 2017 to June 1, 2018 and 5 payments in the amount of $4,869.07 each for the months of July 1, 2018 to November 1, 2018 and has not cured said default. Furthermore, 1 payment due on December 1, 2018 is now due and 3 payments due January 1, 2019 to March 1, 2019 will be due at the date this motion is heard. A Motion for Relief from Stay Worksheet is attached hereto as **Exhibit 'B'**.

5.   As of the 29th day of November, 2018, there is a total indebtedness on the Note and Mortgage in the sum of $1,248,228.10. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make advances for property taxes, insurance and related matters.

6.   The statement setting forth the basis for asserting that the applicable party has the right to foreclose in accordance with National Servicing Standards (NSS) is: Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

7.   Based on the Appraisal attached hereto as **Exhibit 'C'**, said real property is valued at $500,000.00. Based on the Secured Creditor's lien amount and the value of the Mortgaged Premises, there is no equity in the premises.

8. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, "cause" exists to vacate the automatic stay as the Debtor has failed to make monthly post-petition mortgage payments to Secured Creditor. Under Section 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. See, In re Taylor, 151 B.R. 646 (E.D.N.Y. 1993); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); In re Frascatore, 33 B.R. 687 (B. Ct. E.D. Pa. 1983).

9. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'D'**.

10. In the event that this motion is scheduled to be heard beyond the time-period set forth in 11 U.S.C. Section 362(e) or is subsequently adjourned beyond said time period, Secured Creditor hereby waives its rights under 11 U.S.C. Section 362(e) and agrees to be bound by the Order of the Court on the instant Motion.

11. No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED: December 7, 2018
Williamsville, New York

Yours,

By: *[signature]*
Courtney R. Williams, Esq.
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2007-AHL1, Asset-Backed Pass-Through Certificates Series 2007-AHL1
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700