UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

Justo Reyes,

                         Debtor.

Chapter 13

Case No. 16-22556 (SHL)

------------------------------------------------------------X

In re:

Karen Jackson,

                         Debtor.

Chapter 13

Case No. 16-23514 (SHL)

------------------------------------------------------------X

In re:

Janet Berger,

                         Debtor.

Chapter 13

Case No. 17-22921 (SHL)

------------------------------------------------------------X

In re:

Anastasia Cretekos,

                         Debtor.

Chapter 13

Case No. 18-22239 (SHL)

------------------------------------------------------------X

In re:

Frank Occhipinti,

                         Debtor.

Chapter 13

Case No. 18-22690 (SHL)

------------------------------------------------------------X

In re:

Richard Graham Watson,

                         Debtor.

Chapter 13

Case No. 18-22923 (SHL)

------------------------------------------------------------X

In re:

Douglas Kramer,

                         Debtor.

Chapter 13

Case No. 18-22940 (SHL)

------------------------------------------------------------X

----------------------------------------------------X

In re:

    Charmaine J. Brown,

                            Debtor.

Chapter 13

Case No. 18-23036 (SHL)

----------------------------------------------------X

In re:

    Janice K. Desmond,

                            Debtor.

Chapter 13

Case No. 18-23750 (SHL)

----------------------------------------------------X

In re:

    Suzanne M. Faupel,

                            Debtor.

Chapter 13

Case No. 19-22007 (SHL)

----------------------------------------------------X

In re:

    Christopher Rocco Gizzo,

                            Debtor.

Chapter 13

Case No. 19-22051 (SHL)

----------------------------------------------------X

In re:

    John Kolkowski,

                            Debtor.

Chapter 13

Case No. 19-22172 (SHL)

----------------------------------------------------X

In re:

    Catherine R. Pelle,

                            Debtor.

Chapter 13

Case No. 19-22229 (SHL)

----------------------------------------------------X

In re:

    David Daniel Akerib,

                            Debtor.

Chapter 13

Case No. 19-22276 (SHL)

----------------------------------------------------X

```
--------------------------------------------------------X
In re:
                                                        Chapter 13

Sarah Frankel,
                                                        Case No. 19-22281 (SHL)

                          Debtor.
--------------------------------------------------------X
In re:
                                                        Chapter 13

Malka Farkas,
                                                        Case No. 19-22520 (SHL)

                          Debtor.
--------------------------------------------------------X
In re:
                                                        Chapter 13

Blossom Joyce Consingh,
                                                        Case No. 19-23034 (SHL)

                          Debtor.
--------------------------------------------------------X
```

## ORDER TO SHOW CAUSE WHY COURT SHOULD NOT SANCTION COUNSEL

It was represented to the Court by Linda M. Tirelli, Esq., counsel to the debtors in each of

the above-captioned cases (collectively, the "Debtors"), that postpetition mortgage payments on

the Debtors' real property would be held in escrow by Ms. Tirelli for each of the Debtors, instead

of being paid directly to the secured creditors or being paid to the Chapter 13 Trustee. This

representation was contained in numerous Chapter 13 Plans filed in these cases and also was

made verbally on numerous occasions to the Court during Chapter 13 hearings.[1] At a hearing

---

[1] The caption of this order includes all of the cases of which the Court is aware where such a representation has been made. The list is not necessarily comprehensive. Conversely, the list may include cases where postpetition mortgage payments are no longer a relevant issue, such as where the property underling the mortgage has been sold or where the case has been dismissed. The Court has not reduced the list based on such circumstances, however, as it is important to have an understanding of the wide scope of this practice by Ms. Tirelli.

The cases covered by this Order include the following:

- *In re Justo Reyes*, Case No. 16-22556, Chapter 13 Plan at Section D, Category 2(b) [ECF No. 13] ("$3300 to be held aside monthly pending judicial determination of real party in interest and amount of debt owed if any");
- *In re Karen Jackson*, Case No. 16-23514, Chapter 13 Plan at Section D, Category 2(b) [ECF No. 4] ("Respective Post Petition Payments to each purported lien holder are to be held aside in escrow pending judicial determination of the identity of the real party in interest and amount owed (if any) Per Contract");

- *In re Janet Berger*, Case No. 17-22921, Chapter 13 Plan at Section D, Category 2(b) [ECF No. 22] ("$3200.00 To be Held aside Pending verification of amount owed (if any) and real party in interest"); *but see* amended Chapter 13 Plan at Section 3.2(a) [ECF No. 43] (listing mortgage as disputed and referring to varying provisions with respect to postpetition mortgage payments, though varying provisions does not address mortgage payments); Order Dismissing Case [ECF No. 62];
- *In re Anastasia Cretekos*, Case No. 18-22239, Chapter 13 Plan at Section 3.2(a) [ECF No. 8] (stating that $4000 monthly postpetition payments to secured creditor to be sent to "c/o Tirelli & Wallshein Trust");
- *In re Frank Occhipinti*, Case No. 18-22690, Chapter 13 Plan at Section 3.2(a) [ECF No. 11] (stating that $4300 monthly postpetition payments to secured creditor to be sent to "c/o Tirelli & Wallshein IOLA Acct pending judicial determination of validity of lien and real party in interest");
- *In re Richard Graham Wilson*, Case No. 18-22923, Chapter 13 Plan at Section 3.2(a) [ECF No. 9] (stating that $2127.83 monthly postpetition payments to secured creditor "[t]o be held IN ESCROW with Tirelli & Wallshein, LLP"); *but see* amended Chapter 13 Plan at Sections 1.3 and 3.2 [ECF No. 80] (noting that plan has been amended to reflect anticipated sale of house and listing no postpetition mortgage payments);
- *In re Douglas Kramer*, Case No. 18-22940, Chapter 13 Plan at Section 8.6 [ECF No. 10] ("Debtor's postpetition mortgage payments to be held IN ESCROW with Tirelli & Wallshein, LLP IOLA account pending timely filed claim and verification of nture [sic] and extent of lien, amount owed and identity of real prty [sic] in interest."); *but see* amended Chapter 13 Plan at Sections 3.2(a) and 8.6 [ECF No. 30] (with respect to postpetition mortgage payments, referring to varying provisions, which state that "Debtor shall negotiate a short payoff of the mortgage on his primary residence via the court's loss mitigation program . . . .");
- *In re Charmaine J. Brown*, Case No. 18-23036, amended Chapter 13 Plan at Section 8.6 [ECF No. 20] ("Post-petition mortgage payments alleged by disputed creditors in the respective amounts of $2297.77 and $884.30 monthly to be held in escrow with Tirelli & Wallshein, LLP pending judicial determination as to nature and extent of lien ( if any) and identity of real party in interest.  Said funds held in escrow will be identified as adequate protection payment in a separate stipulation between Debtor and said verified creditors to be filed with the court, pending the outcome of further judicial determination.  In the event the escrowed funds are not claimed as adequate protection or otherwise paid to the judicially determined or stipulated secured creditors, the same shall be turned over to the Chapter 13 Trustee as additional disposable income to further fund the Debtor's plan.") (case dismissed at hearing held on June 16, 2021, but Court stating on record that it was retaining jurisdiction with respect to issues relating to the escrow);
- *In re Janice K. Desmond*, Case No. 18-23750, Chapter 13 Plan at Section 8.6 [ECF No. 12] (noting with respect to two properties that monthly postpetition payment to secured creditors in the amounts of $2000 and $1600 "shall be held in escrow with the Debtor's attorney, pending determination as to the identity of the real party in interest and amount owed (if any) at which time the funds will be transferred to the verified creditor as adequate protection.");
- *In re Suzanne M. Faupel*, Case No. 19-22007, Chapter 13 Plan at Section 8.6 [ECF No. 11] ("Post petition mortgage payments alleged by disputed creditor Flagstar Bank in the amount of $3500.00 monthly to be held in escrow with Tirelli Law Group LLC pending judicial determination as to nature and extent of lien (if any) and identify of real party in interest.") (case dismissed at hearing held on June 2, 2021, but Court stating on record that it was retaining jurisdiction with respect to issues relating to the escrow);
- *In re Christopher Rocco Gizzo*, Case No. 19-22051, Chapter 13 Plan at Section 8.6 [ECF No. 9] ("Post petition monthly payments in the amount of $4500.00 shall be held in escrow with the Debtor's attorney, pending determination as to the identity of the real party in interest and amount owed (if any) at which time the funds will be transferred to the verified creditor as adequate protection.");
- *In re John Kolkowski*, Case No. 19-22172, Chapter 13 Plan at Section 8.6 [ECF No. 10] ("Post petition monthly payments in the amount of $2707.91 shall be held in escrow with the Debtor's attorney, pending determination as to the identity of the real party in interest and amount owed (if any).");
- *In re Catherine R. Pelle*, Case No. 19-22229, Chapter 13 Plan at Section 8.6 [ECF No. 7] ("Post petition mortgage payments alleged by disputed creditor Ditech in the amount of $2700.00 monthly to be held in escrow with Tirelli Law Group LLC pending judicial determination as to nature and extent of lien (if any) and identity of real party in interest."); *but see* amended Chapter 13 Plan at Sections 1.3 and  3.2(a) [ECF No. 48] (noting that plan has been amended to reflect trial loan modification and providing for postpetition mortgage payments directly to secured creditor);

4

held on June 2, 2021 it came to the Court's attention that postpetition mortgage payments purportedly being held in escrow by Ms. Tirelli in a large number of these cases were not actually being set aside, despite the prior representations to the Court. During the course of the hearing, it also became clear that the amount of money that should have been held in escrow— but was not—was often a large sum, and that these sums had never been remitted in any manner to the Chapter 13 Trustee for the benefit of creditors or paid directly to the secured creditors.

Now therefore, it is hereby

**ORDERED**, that Debtors' counsel, Linda M. Tirelli, Esq., show cause at a hearing to be held before the Honorable Sean H. Lane on August 4, 2021 at 2:00 p.m. (the "Hearing"), as to: (i) whether misrepresentations were made by Ms. Tirelli—or other counsel on her behalf— regarding the escrowing of postpetition mortgage payments and, if so, why Ms. Tirelli should not be sanctioned for such misrepresentations, (ii) whether all postpetition mortgage payments purportedly held in escrow by Ms. Tirelli in the above-captioned cases should not be immediately turned over to the applicable secured creditors or the Chapter 13 Trustee, (iii) why the Chapter 13 Plans in each of the above-captioned cases—and any other cases where Ms.

---

- *In re David Daniel Akerib*, Case No. 19-22276, Chapter 13 Plan at Section 8.6 [ECF No. 11] ("Post petition monthly payments in the amount of $2400.00 shall be held in escrow with the Debtors' attorney, pending determination as to the identity of the real party in interest and amount owed (if any) on the secured portion of the first mortgage lien.");
- *In re Sarah Frankel*, Case No. 19-22281, Chapter 13 Plan at Section 8.6 [ECF No. 8] ["Post petition monthly payments in the amount of $3956.00 shall be held in escrow with the Debtor's attorney, pending determination as to the identity of the real party in interest and amount owed (if any) on the secured portion of the first mortgage lien."); *but see* amended Chapter 13 Plan at Sections 1.3 and 8.6 [ECF No. 55] (noting that plan has been amended to incorporate terms of order determining amount of secured claim and to increase payments to pay secured creditor through the plan);
- *In re Malka Farkas*, Case No. 19-22520, Chapter 13 Plan at Section 8.6 [ECF No. 10] ("Until such time as th [sic] parties can resolve the issue of amount owed and identity of the real party in interest, post petition monthly payments in the amount of $3300.00 shall be held in escrow with the Debtor's attorney, pending determination as to the identity of the real party in interest and amount owed (if any) on the secured portion of the first mortgage lien.");
- *In re Blossom Joyce Consingh*, Case No. 19-23034, Chapter 13 Plan at Section 3.2(a) [ECF No. 24] (providing for postpetition mortgage payments "per Doc#2"); *but see* amended Chapter 13 Plan at Sections 1.3 and 3.2(a) [ECF No. 52] (noting that plan has been amended to incorporate terms of loan modification and providing for payments directly to secured creditor).

Tirelli is counsel and the plans provide for the escrow of postpetition mortgage payments—

should not be immediately amended to require that all postpetition mortgage payments be paid

either directly to the secured creditors or paid to the Chapter 13 Trustee as conduit payments to

the secured creditors; and it is further

**ORDERED**, that the Hearing on this matter shall be held remotely by telephone pursuant

to General Order M-543, which can be found on the Court's website at

https://www.nysb.uscourts.gov/sites/default/files/m543.pdf.  All attorneys and parties wishing to

appear at, or attend, the Hearing must refer to the Bankruptcy Court's guidelines for telephonic

appearances and make arrangements with Court Solutions LLC at 917-746-7476 or

https://www.court-solutions.com/.  Pro se parties may participate telephonically in hearings free

of charge by signing up with Court Solutions; and it is further

**ORDERED**, that the above-captioned cases are referred to the Office of the U.S. Trustee

for review of the issues identified above.  The Court requests that a representative of the Office

of the U.S. Trustee appear at the Hearing to provide its views on this matter based on any review

it has conducted of the Debtors' cases and its consultation with relevant parties such as the

Chapter 13 Trustee and Ms. Tirelli; and it is further

**ORDERED**, that by no later than July 14, 2021, Ms. Tirelli shall file a declaration

providing the following information: 1) a calculation of the amount of funds that are being held

in escrow for postpetition mortgage payments in each of the above-captioned cases and any other

cases where Ms. Tirelli has represented to the Court that she (or her law firm) is holding such

funds; 2) an accounting of how the funds actually held in escrow by Ms. Tirelli (or her law firm)

compares with the amount that should be in escrow given the length of time that these

bankruptcy cases have been pending, and 3) to the extent that the funds actually held in escrow

do not match the amount that should have been in escrow based on representations made to the Court, an explanation as to why such a circumstance does not constitute sanctionable conduct; and it is further

**ORDERED**, that the Chapter 13 Trustee, the U.S. Trustee and any secured lender that would have otherwise been entitled to receive postpetition mortgage payments in these cases either directly or indirectly (through conduit payments made the Chapter 13 Trustee) are permitted—but not required—to file a response to Ms. Tirelli's declaration, and that any such response by these parties shall be filed no later than July 21, 2021.

Dated: White Plains, New York
      June 17, 2021

                              **/s/ Sean H. Lane**

                              UNITED STATES BANKRUPTCY JUDGE