```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In Re:                                                    Case No: 16-22556-SHL

                                                          Chapter 13

Justo Reyes

                        Debtor.
------------------------------------------------------x
```

**AFFIRMATION WITH CITATION TO LEGAL AUTHORITY IN SUPPORT OF MOTION TO REARGUE APPLICATION FOR FEES**

Dennis Jose, Esq., attorney associated with the office of Krista Preuss, Esq., the standing Chapter 13 Trustee (the "Trustee") submits the following affirmation:

1. The Trustee's office, by this motion (henceforth the "Motion") pursuant to Local Rule 9023-1, Rule 9023 of the Federal Rules of Bankruptcy Procedure, and Rule 59 of the Federal Rules of Civil Procedure seeks to reargue and revisit the hearing related to the Debtor's counsel Linda Tirelli, Esq's (henceforth "Counsel") application for fees (the "Application"). Rule 9023 of the Federal Rules of Bankruptcy Procedure requires this Motion to be filed within 14 days of the Court's ruling. This Motion is being filed timely.

2. Local Rule 9023-1 requires that this Motion set forth "concisely the matters or controlling decisions which counsel believes the Court has not considered." *Local Bankruptcy Rule* 9023-1. The Trustee shall be concise, and furthermore, in keeping with local rule 9013-1, the discussion of law, statutory provisions, and legal authorities are included in this pleading without a separate memorandum of law. See *Local Bankruptcy Rule* 9013-1.

    **I.    The Trustee respectfully submits that it would be a legal error to allow Counsel to reach agreements with the Debtor outside the bankruptcy process regarding post-petition fees accrued in relation to this Chapter 13 bankruptcy case.**

2. This Court held a hearing on Counsel's Application for fees (Docket No. 107) on July 21, 2021. Attached hereto as **Exhibit "A"** is a copy of the Transcript of said hearing. The Court in its discourse expressed apprehension in relation to the limits of its jurisdiction in relation to post-petition fees and potential agreements regarding fees between Debtors and their attorneys after the dismissal of the case. See *Transcript*, p 9 line 3-5, p 10 lines 8-17. The Trustee's office did raise concerns about the propriety of the

Counsel reaching agreements with the Debtor post-petition about fees that accrued during the pendency of the bankruptcy case. See *Transcript* p 9 lines 24-25, p 10 lines 1-5.

3. The matter that was presented before this Court tangentially — propriety of fees being collected post-petition in a dismissed case for work done during the pendency of the case Chapter 13 —is one of first impression to the Trustee's office. It may likely be of first impression to this Court as well. The Trustee through this motion seeks clarity from the Court on its position related to inviting or encouraging agreements outside bankruptcy for fees in the context of the mandates of 11 U.S.C. Section 330 and existing case law. In seeking that clarity, the Trustee presents the relevant case law.

4. The Trustee's office directs the Court to what this office believes is the most relevant case that addresses the issues presented, albeit in a dismissed Chapter 11 context. See *Dery v. Cumberland Cas. & Sur. Co*. 468 F.3d 326 (6th Cir. 2006). *Dery* involved a transfer avoidance action that turned on the enforceability of a claim by a debtor's attorney against a debtor for fees that accrued in a dismissed bankruptcy case. In ascertaining the enforceability of the attorneys' fee claim, the Court was compelled to probe the limits of the applicability of 11 U.S.C. § 330. See *Id.*, at 330

5. The Court in *Dery* rules as follows on the seminal question: "whether the bankruptcy court retains jurisdiction to approve attorney's fees under 11 U.S.C. § 330 after the underlying case is dismissed. We hold that it does." See *id.,* at 330. Apart from analyzing that the fee application is part of the original proceeding, the Court rules that:

> i. The Bankruptcy Code assigns to courts a comprehensive duty to review fees in a particular case, and 11 U.S.C. § 330 is the sole mechanism by which fees may be enforced. *Id.*
>
> ii. Dismissal of a case, or a private agreement between the debtor and its attorney, cannot abrogate the bankruptcy court's statutorily imposed duty of review. *Id.,* citing to *In re Gantz*., 209 B.R 999 (10th Cir. B.A.P. 1997) (other internal citations omitted)

6. Indeed, in *In Re Marin*, a Bankruptcy Court further elaborates that "[*t*]*here is no other way for an attorney to be paid*!..[a]n attorney who extracts payments from the debtors other than pursuant to proper disclosure, or to [sic] allowance under section 330 stands in violations of the provisions of the bankruptcy code and may properly be stripped of all fees." *In re Marin.,* 256 B.R. 503 at 507 (Bankr. D. Colo. 2000) (emphasis in original). The Court should note that in *Dery*, a trustee argued that because the bankruptcy estate ceased to exist when the case was dismissed, the trustee's claim was against the Debtor and not the estate and hence Section 330 would be inapplicable. *Dery,* 468 F.3d 326 at 329. The Court rules without reservations that the language of Section 330 contains no such limitations and states that 11 U.S.C. § 329 permits even the disgorgement of fees even when the fees were not paid from the bankruptcy estate. See *Id*., citing *In Re Kisseberth*, 273 F. 3d 714 (6th Cir. 2001). At least one Bankruptcy Court in the Southern District of New York has generally adopted the stand in *Dery* related to a Bankruptcy Court's jurisdiction on fees even post-dismissal. See *In re Parklez Associates*., Inc., 435 B.R. 195 (Bankr. S.D.N.Y 2010).

7. This Motion was compelled by the message that the discourse may have sent to the bar at large. The Trustee's office respectfully requests clarity in relation to the Court's view on its jurisdiction as it relates to dismissed cases and fees subject to approval under Section 330 of the Code. The Trustee further submits that Counsel has no means other than the application and approval process contemplated under Section 330 of the Code to obtain fees from the Debtor, even if the case is dismissed. To hold otherwise would facilitate an avoidance of the Code's mandate under Section 330 and subject debtors to possible exploitation, especially considering the relative power differential between a debtor and their attorney.

WHEREFORE, the Trustee respectfully request that the Court clarify and or amend its rulings at the July 21st hearing on Counsel's Application for fees and make clear that the Court retains jurisdiction on any post-dismissal attempts to collect fees from the Debtor as they relate to the Chapter 13 case and that the mechanism set forth within Section 330 is the only one available to Counsel to approve and collect fees from the Debtor.

Dated: White Plains, New York
      August 2, 2021

Office of the Chapter 13 Trustee, Krista M. Preuss

    *S/Dennis Jose*
By: Dennis Jose, Esq., Staff Attorney
399 Knollwood Rd, Suite 102
White Plains, NY 10603
(914) 328 6333 Ext 231