UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Justo Reyes,

Debtor.
-------------------------------------------------------X
In re:

Karen Jackson,

Debtor.
-------------------------------------------------------X
In re:

Janet Berger,

Debtor.
-------------------------------------------------------X
In re:

Anastasia Cretekos,

Debtor.
-------------------------------------------------------X
In re:

Frank Occhipinti,

Debtor.
-------------------------------------------------------X
In re:

Richard Graham Watson,

Debtor.
-------------------------------------------------------X
In re:

Douglas Kramer,

Debtor.
-------------------------------------------------------X
-------------------------------------------------------X

Chapter 13

Case No. 16-22556 (SHL)

Chapter 13

Case No. 16-23514 (SHL)

Chapter 13

Case No. 17-22921 (SHL)

Chapter 13

Case No. 18-22239 (SHL)

Chapter 13

Case No. 18-22690 (SHL)

Chapter 13

Case No. 18-22923 (SHL)

Chapter 13

Case No. 18-22940 (SHL)

| | |
|---|---|
| In re: | Chapter 13 |
| Charmaine J. Brown, | Case No. 18-23036 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| Janice K. Desmond, | Case No. 18-23750 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| Suzanne M. Faupel, | Case No. 19-22007 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| Christopher Rocco Gizzo, | Case No. 19-22051 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| John Kolkowski, | Case No. 19-22172 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| Catherine R. Pelle, | Case No. 19-22229 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| David Daniel Akerib, | Case No. 19-22276 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |

```
------------------------------------------------------X
In re:                                          Chapter 13

Sarah Frankel,
                                                Case No. 19-22281 (SHL)
Debtor.
------------------------------------------------------X
In re:
                                                Chapter 13
Malka Farkas,
                                                Case No. 19-22520 (SHL)
Debtor.
------------------------------------------------------X
In re:
                                                Chapter 13
Blossom Joyce Consingh,
                                                Case No. 19-23034 (SHL)
Debtor.
------------------------------------------------------X
```

**ATTORNEY DECLARATION**

NOW HERE COMES, Linda Tirelli, Esq., Debtor's Counsel, or Former Counsel in matters no longer pending, to each of the above-named Chapter 13 Debtors, or former Debtors, in response to, and to fulfill the requirements of, the Court's Order to Show Cause, dated June 17, 2021, and hereby does so declare as follows:

1. It is respectfully submitted that the pending Order to Show Cause fails to identify the alleged misrepresentation made to the Court, or any party in interest, the case in which the issue arises or the date of such alleged misrepresentation. Notwithstanding the foregoing no misrepresentation was ever knowingly made to the Court by the undersigned or person under her direction or control at any time. In the absence of specific reference to the alleged misrepresentation made, request is made that the Order to Show Cause be vacated by the Court.

2. Notwithstanding the foregoing, in the absence of a clear reference to the alleged misrepresentation, it is understood by the undersigned that the issue before this Court arises arise out of my having previously extended myself, without compensation, by offering to retain in

escrow, funds payable by client Debtors in limited matters that involved disputed mortgagees. In these limited matters, the identity of the property mortgagee was either unknown, or of the Debtor challenged the validity of the claimed mortgage as a properly secured lien held by a claimed creditor.

3. I received no financial benefit from offering to serve in this role the limited times I did so. There was never a fee I did so for the sole benefit of the client to avoid making payments to a lender that was subject to challenge for reasons that would be addressed and determined before the Court. In my considerable experience, rectifying and being reimbursed payments made to an improper creditor is an arduous task that serves only to create further difficulty and prejudice to the Debtor and the Chapter 13 process.

4. Literally years after being put in place, with the knowledge, consent and actual direction of Judge Robert Drain, and continued before Judge Lane (until phased out in 2019) without inquiry or objection, the Office of the Chapter 13 Trustee now takes exception to this prior practice despite longstanding clear knowledge, without complaint.

5. The subject funds would not have been payable to the Chapter 13 Trustee even if not identified as escrowed funds because they were earmarked in the Schedule J expenses of the Debtor as an allowed expense and held until verification of proper party and amounts owed could be determined and in a number of cases, would have necessarily been paid to the putative secured creditor as post-petition adequate security payments.

6. The undersigned understands that the Chapter 13 Trustee claims that the collective funds in issue well exceed $1,000,000. There is no veracity to this claim that is grossly overstated many times over.

7. Upon information and belief, all of the above captioned cases with the possible exception of one were initially brought before the Honorable Judge Robert D. Drain until re-assigned before the Honorable Sean H. Lane in or about May 2019. The lone exception is the case of In re Blossom Joyce Consign, Case Number 19-23034(shl) which at all times relevant is assigned to the Honorable Sean H. Lane.

8. For the Court's reference, attached hereto as **Exhibit A**, incorporated herein by reference, is a chart I have created identifying each case by name of the relevant Debtor and specifically responding to the issues of: (i) whether any funds were remitted to me subsequent to issuance of the Chapter 13 Plan and thereafter maintained by me, in escrow, at any time during the pending bankruptcy case; (ii) the total sum paid to the trustee; (iii) the funds, if any, paid to secured creditors; and (iv) whether funds remain in my escrow as of this date.

9. At the time of filing, Chapter 13 cases require submission of a plan prior to the deadline for secured creditors to come forth and identify a mortgage servicer, amount owed, documents to prove standing and payment address.

10. Plan language included in some of the earlier above captioned cases involved the Debtor either setting aside funds in his/her own or depositing money in an attorney escrow account[1].

11. The undersigned drafted the plans for the individual Debtors.

12. Each of the above Debtors read the plan before signing in the presence of the undersigned and understood their obligation under the plan, including remitting funds to the undersigned when the plan required that be done.

---

[1] The undersigned ended the practice for new matters of including language in chapter 13 plans to set aside funds in 2019, TWO(2) years prior to the instant Order to Show Cause. The above captioned cases are carry-over cases from a prior court and, in many cases, a prior chapter 13 trustee. Not all plans included language depositing money into escrow and in the case of Blossom Consign, no language in the plan or amended plan had any funds set aside. Instead, Ms. Consign was to pay the secured creditor directly.

13. At the time of plan submission, to the extent it provided for disputed funds to be remitted to the undersigned, the clear intention and expectation by the undersigned was that the Debtor would comply with the plan provision to do so. To the extent a Debtor (client) failed to honor the relevant plan provision, that election was made solely by the Debtor after the plan was submitted to the Court.

14. At no time did the undersigned nor any attorney employed by the undersigned misrepresent an amount being held in escrow to the Court. Ethical considerations precluded the undersigned from volunteering the fact that a particular Debtor/ Client had not made certain payments to the undersigned. As counsel to any Debtor, the undersigned cannot act in a manner contrary to the client's interest.

15. However, in any instance in which the Court or any interested party made inquiry, full and correct information was immediately provided.

16. In furtherance of this fact, the Court is respectfully referred to the appearance held on September 9, 2020, in the matter of Janice K. Desmond, 18-23750, the transcript of which is annexed hereto as **Exhibit B**. The undersigned appeared before Judge Lane and Krista Preuss, Esq. was present. As part of this matter in which the Debtor was permitted to sell her primary residence and realize $146,000 in exempt funds, a secured creditor who held a mortgage on the Debtor's secondary property moved for relief from the automatic stay. In response to the lender's application, the undersigned was transparent and overt as to why no opposition to the secured creditor's application would be raised:

> 3 MS. TIRELLI: Yes, Your Honor. Linda Tirelli still
> 4 for the debtor.
> 5 I did speak with the debtor, and, you know, like all
> 6 my clients, I want them to set the money aside for, you know,
> 7 for the post-petition payments. In this particular case, it
> 8 was not done, so I don't have a defense for the nonpayment of

> 9 post-petitions, Your Honor, (indiscernible).
> 10 THE COURT: All right. So that motion is granted.
> 11 So with those, would it make sense to set this for
> 12 November 18th for confirmation?
> 13 MS. TIRELLI: I would think so, Your Honor.
> 14 S. PREUSS: Thank you, Your Honor. Yes.

17. The undersigned did not secrete the fact that the Debtor failed to satisfy the Plan requirements to set aside funds. To the contrary, in response to the secured creditor's application, full and accurate information was voluntarily presented to the Court.

18. In response to the undersigned's providing, this Court granted the secured creditor's motion. There was no inquiry concerning the Debtor's failure to satisfy the Plan requirements. No suggestion was raised that the undersigned misrepresented anything to the Court concerning this issue. Instead, Ms. Preuss, fully aware of the fact that the Debtor's Plan provided for funds to be set aside but were not, made no suggestion that the undersigned acted improperly in any respect.

19. At no time during this appearance, from two years ago did either the Court or Ms. Preuss question or raise the fact that the undersigned did not volunteer the fact that the Debtor, my client, did not honor the relevant Plan provision. The undersigned has never strayed from acting in the same manner in other cases concerning this issue. No Order was ever entered requiring the undersigned to affirmatively act contrary to client interests by raising, unsolicited, the client's election to not fund the subject escrow. No agreement was ever entered imposing upon the undersigned the affirmative duty to act contrary to client interests by raising, unsolicited, this information. Instead, any time inquiry was made by the Court or any party in interest, immediate, comprehensive and accurate information was provided.

20. In re Desmond followed an earlier appearance in the matter of Akerib, 19-22276, held on August 28, 2019. A copy of this transcript is annexed hereto as **Exhibit C**.[2]

21. On August 28, 2019, Mr. Jose referenced the "understanding" concerning the practice of holding monies in escrow for pos-petition payments (Tr. Page 5, Lines 15-18). In response, Judge Lane held:

> Oh, I'm – yeah. No, we shouldn't do that unless there's actually been something filed that calls into question the validity of the actual noteholder. And so if there's an adversary, there's a claim objection, but as a general practice, no, we – that should – that money should come out of escrow. (Tr. Page 5, Lines 19-24).

22. In response to the undersigned raising the fact that there were numerous issues concerning the secured lender's status that warranted escrow, the Court responded, "…I'm not casting any aspersions." (Tr. page 6, Lines 5-6).

23. At the present time, given the pending Order to Show Cause, aspersions have most certainly been caste that question the professional integrity and ethics of the undersigned despite the Court being aware of, and condoning, counsel's practice for the last several years.

24. One month after the appearance in Akerib, the issue again came up on September 25, 2019 in the matter of Frankel, 19-22281. A copy of the transcript of proceedings is annexed hereto as **Exhibit D**.

25. In Frankel, the Court again acknowledged to practice of providing for escrow in certain Chapter 13 matters involving post-petition payments when it held:

> I think the wrinkle here is that the money was in escrow because it used to be a provision of a plan. And we've had the conversation, as I said, if there's an adversary pending or a claim objection pending,

---

[2] References to "Mr. Fay" in the transcript are believed to be Mr. Dennis Jose, counsel to the Chapter 13 trustee, and are made as Mr. Jose herein.

> escrow is one thing, but otherwise it should be paid to the creditor consistent with the requirement to make post-petition payments. (Tr. Page 5, Lines 3-8).

26. The undersigned acting in conformity with the "conversation" referenced by the Court and previously utilized the escrow arrangement in accordance therewith. The practice was discontinued and only remained in place for those earlier matters that provided for it in their respective Plans.

27. This issue again came up before the Court on February 17, 2021 in the matter of Kolkowski, 19-22172. A copy of the transcript is annexed hereto as **Exhibit E**.

28. Dennis Jose, Esq., from the Chapter 13 Trustee's Office, complained that his office had "been asking repeatedly as to what the status of any of those funds are", referencing $2,707.91 of post-petition payments. (Tr. Page 7, Lines 16-17).

29. In response, Mr. Jose was interrupted by the Court:

> Let me interrupt you. I have notes from December [2020] saying – the status report [from the undersigned] says that escrow of adequate protection payments were turned over. Trustee was asking about that, and then Nationstar confirmed that they had received those payments.

30. The referenced status report was provided to the Chapter 13 Trustee. All information was timely provided. Yet, the Trustee's counsel suggested, on the record, that the undersigned failed to provide timely information and funds. The Court made clear that any such suggestion was without merit.

31. The undersigned has requested copies of every available transcript in all of the above cases from the date of filing through the date of the Order to Show Cause, to review for any statement that might be characterized as a potential misrepresentation to the court.

32. In furtherance of the previously referenced exhibits, copies of all transcripts are provided together with case summaries attached hereto.

33. As part of the pending Order to Show Cause, the Court has ordered the undersigned to prepare a declaration which includes a statement regarding "…the extent that the funds actually held in escrow do not match the amount that should have been in escrow based on representations made to the Court, an explanation as to why such a circumstance does not constitute sanctionable conduct;"

34. No representations were ever made to the Court except for true and accurate representations as to sums held, or that no funds were held. Without knowing which "representations made to the Court" are being referenced, the undersigned is unable to intelligently respond other than to make clear that at no time has the undersigned ever represented to the Court that funds were held by her office, if such representation were not entirely accurate in all respects.

35. The undersigned does not fund the Debtors' plans.

36. The Debtors have the obligation of funding their plan and adhering to all terms.

37. The natural consequence in those matters where funds were not in fact set aside by the Debtor as represented in their respective plan was that a secured creditor could seek and be afforded relief from the stay. Any inquiry ever raised of the undersigned concerning a Debtor's compliance with his or her plan was only ever responded to with an accurate response.

38. No motion for turnover of funds has been filed by the Trustee in any of the above cases.

39. No objection to the plan provision that provided for the undersigned to receive and hold funds has ever been filed by the Chapter 13 trustee.

WHEREFORE, the undersigned requests that this order to show cause be dismissed and that no sanction be imposed.

DATED: September 20, 2021

By: /S/ LINDA M TIRELLI
Linda M Tirelli, Esq.
Debtors' Counsel
50 Main Street, Suite 1265
White Plains, NY 10606
Phone: (914)732-3222