UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
In Re:                                              Case No: 16-22556-SHL

                                          Chapter 13

Justo Reyes

                      Debtor.
------------------------------------------------x

ORDER GRANTING MOTION TO REARGUE

WHEREAS, at a hearing held on July 21, 2021 (the "July 21 Hearing") this Court considered an application for fees dated May 24, 2021 (the "Application") by the above captioned debtor Justo Reyes's (the "Debtor") counsel Linda Tirelli, Esq's ("Counsel") and the Chapter 13 Trustee's Motion to Dismiss, and

WHEREAS, during the discourse at the July 21 Hearing, the Court made observations regarding the concerns about the Application (See example: *Docket* 130-2, Transcript p 11, lines 14-25; p 12, lines 1-4), and

WHERAS, during the discourse at the July 21 Hearing, the Court made observations that the Court's jurisdiction may be limited as it relates to attorneys' fees accrued by Counsel during the pendency of this bankruptcy case given its expiration and considered the approach of dismissing the case with Debtor's counsel then to collect any fees after the dismissal directly from the debtor (See example: *Id.,* p 10, lines 8-17), and

WHEREAS, the Court's proposed approach was not been briefed by the parties and was being considered by the Court for the first time at the hearing, and

WHEREAS, during the discourse at the July 21 Hearing, Debtor's Counsel stated that she was amenable to the Court's suggested approach to interact with the Debtor outside of this

bankruptcy case regarding her fees (See *Docket* 130-2, Transcript p 12, lines 12-24), and the Court granted the Trustee's Motion to Dismiss at said hearing, and

WHEREAS, the Chapter 13 Trustee (the "Trustee") filed a motion on August 2, 2021 (the "Motion") seeking to have the Court reconsider its position as set forth at the July 21 Hearing, and

WHEREAS, the Trustee's Motion presented statutory and case law authority for the proposition that the Court's jurisdiction extends to the collection of fees accrued during the pendency of a Chapter 13 case in a situation in which said case has been dismissed, and

WHEREAS, the Motion having been heard by the Court on at a hearing on September 8, 20201, and

WHEREAS, the Court having been convinced by the argument of the Trustee and determining that there were sound reasons in the case law and public policy to avoid the approach that had been suggested by the Court at the July 21 Hearing, it is hereby

ORDERED, that the Court grants the Trustee's Motion as set forth in this Order for the reasons explained on the record of the hearing on September 8, 2021; and it is further

ORDERED, that the Court hereby corrects and amends its remarks at the July 21 Hearing to make clear that this Court's jurisdiction extends to the collection of fees accrued during the bankruptcy case by Debtor's Counsel even after the dismissal of the case and notwithstanding its expiration, and it is further

ORDERED, that attorneys' fees accrued during the pendency case of the bankruptcy case by Counsel can be collected only after approval under 11 U.S.C. Section 330 of the Bankruptcy Code.

DATED: **October 6, 2021**  /s/ **Sean H. Lane**
White Plains, New York  U.S. Bankruptcy Judge