

Office of the United States Trustee
Southern District of New York

201 Varick Street, Suite 1006
New York, New York 10014
Telephone Number 212-510-0500
Facsimile Number 212-668-2255

February 14, 2022

Hon. Judge Sean H. Lane
United States Bankruptcy Court
United States Courthouse
One Bowling Green
New York, New York 10004

 Re: *In re Justo Reyes*, **No. 16-22556 (SHL)**

Dear Honorable Judge Lane:

  We write in response to the letter dated Feb. 11, 2022 from Evan Wiederkehr, Esq., counsel to Linda A. Tirelli, Esq. Reyes Dkt. 167. It is our desire that the Court be fully and accurately informed prior to the hearing scheduled for tomorrow, February 15, 2022. We thus write to clarify the status of the escrow account statements delivered by Ms. Tirelli to the United States and the Chapter 13 Trustee pursuant to the *Order to Show Cause Why Court Should Not Sanction Counsel,* the *Order Adjourning Order to Show Cause* and ensuing directives (collectively, "OSC"). Reyes Dkt. 112 and 116.

  By way of background, the Court will recall that, at the hearing held on December 15, 2021, the Court directed Ms. Tirelli to deliver a sample of escrow account statements to the United States Trustee and the Chapter 13 Trustee. (*Faupel*, No. 19-22007, Dkt. 85, Dec. 15 Tr., at 33). On January 5, 2022, Mr. Wiederkehr delivered a sample set of redacted statements. At that time, however, the extent of the proposed redactions did not permit the United States Trustee and the Chapter 13 Trustee to corroborate whether an affected debtor's funds indeed remained in Ms. Tirelli's escrow account before final disbursement. Then, following the hearing of January 12, 2022, at which this issue was raised, Mr. Wiederkehr re-delivered a sample set with fewer redactions. The revised redactions enable that corroboration, and were deemed satisfactory in form to the United States Trustee.

  At this point, the "understood remaining issue," as set forth in Mr. Wiederkehr's letter, is much more – and much more significant – than just demonstrating that Ms, Tirelli has returned all remaining funds. Instead, the parties now fundamentally disagree as to whether Ms. Tirelli is required to deliver the full set of redacted escrow account statements, rather than merely a sample set, in order to comply with the OSC.

1

Hon. Judge Sean H. Lane
February 13, 2022

The United States Trustee is of the strong view that the OSC remains unresolved without delivery of the full redacted set of escrow account statements, simply because without the entire set, neither the Court, the United States Trustee nor the Chapter 13 Trustee can corroborate whether every affected debtor's funds remained in Ms. Tirelli's escrow account before final disbursement. Ms. Tirelli, on the other hand, believes that a small sample set is satisfactory, and that she has complied with every directive of the OSC.[1]

The full universe at issue consists of 44 escrow account statements, of which Ms. Tirelli has delivered only seven, a small fraction. Ms. Tirelli held funds during 44 non-consecutive months, between March 2018 and January 2022. It is the escrow account statements for these months – specifically, March to November 2018, and March 2019 to (and including) January 2022 – that the United States Trustee has requested, and that Ms. Tirelli has refused to deliver.[2] And it is delivery of a full set of redacted statements that the United States Trustee specifically contemplated at the December 15, 2021 hearing, without objection by Ms. Tirelli. *See* Dec. 15 Tr., at 33:15-17 (Mr. Velez-Rivera: "We'd have to see a small sample before we can determine, I think, what a larger sample would be and then the entire universe.").

In light of the foregoing, the United States Trustee respectfully requests that the Court order Ms. Tirelli to deliver the full set of redacted escrow statements to the Court, the United States Trustee and the Chapter 13 Trustee, and defer closure of the OSC until such time as Ms. Tirelli complies with all outstanding requirements thereunder. Thank you.

Very truly yours,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

***/s Andrew D. Velez-Rivera***
Andrew D. Velez-Rivera
Trial Attorney

---

1   Despite the representation in Mr. Wiederkehr's letter (p.2) that Ms. Tirelli has "cooperated" with the OSC "and complied with every directive contained therein," it is undisputed for example that Ms. Tirelli has never complied with the order to deliver an "accounting of how the funds held in escrow by Ms. Tirelli (or her law firm) compares with the amount that should be in escrow given the length of time that these bankruptcy cases have been pending." OSC, Reyes Dkt. 112, at 6.

2   Based on records filed so far, it appears that the eight debtors currently at issue delivered 53 total payments to Ms. Tirelli. Two debtors, (*Cretekos* and *Watson*), delivered funds to Ms. Tirelli from March to November 2018, *i.e.* - 8 months. After November 2018, no debtors delivered funds until March 2019. The remaining debtors, (*Kolkowski*, *Pelle*, *Frankel, Akerib*, *Farkas* and *Berger*), then delivered funds to Ms. Tirelli from March 2019 to August 2020, and Ms. Tirelli held the last of those funds until January 2022, when she made final disbursements.